UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-23045-CIV

| | | |
|---|---|---|
| **BRIAN ZACHARY,** | ) | **[JURY DEMAND]** |
| Plaintiff, | ) | |
| v. | ) | |
| **CITY OF MIAMI**, | ) | |
| **MARIO URRUTIA,** | ) | |
| **ADRIAN SANTOS,** | ) | |
| Defendants, | ) | |

## COMPLAINT

Plaintiff, **BRIAN ZACHARY**, by and through counsel, and files his Complaint and alleges that:

### PARTIES

1. **BRIAN ZACHARY**, Plaintiff, is a resident of the State of Florida.

2. At the time of the incident complained herein, Defendant **MARIO URRUTIA** was employed as a City of Miami law enforcement officer. **URRUTIA** is being sued in his individual capacity.

3. At the time of the incident complained herein, Defendant **ADRIAN SANTOS** was employed as a City of Miami law enforcement officer. **SANTOS** is being sued in his individual capacity.

4. Defendant **CITY OF MIAMI** is a municipal entity organized pursuant to the laws of Florida.

5. All Defendants, acted under color of statute, ordinance, regulation, custom, or usage, of Miami-Dade and/or the State of Florida.

### JURISDICTION & VENUE

6. This is an action for damages brought pursuant to 42 USC § 1983 and 1988 regarding the violation of Plaintiff's rights under the First and Fourth Amendments of the United States Constitution. Plaintiff's closely related state law claims is within this Court's jurisdiction pursuant to 28 USC § 1367.

7. Venue is proper because a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of Florida.

8. All condition precedents have been satisfied including those set out in Fla. Stat. § 768.28.

**GENERAL FACTS**

9. On May 12, 2016, Zachary was sitting near the corner of 17th St. and NW 7th Ct in Miami, Florida. Zachary was speaking to his friend. In Zachary's possession was a brown paper bag which contained his sandwich, potato chips, and medicine. The brown paper bag was situated immediately next to Zachary where he was sitting.

10. While speaking to his friend, Zachary was approached by Urrutia and Santos. Zachary found it odd that Defendants would approach him since Zachary or his friend did not request the aid of defendants.

11. Defendants demanded that Zachary stand up so he could be searched for weapons. Zachary stated, "I will not allow you to search me, I am just sitting here." Before Zachary could finish his protest of the unlawful search, Defendants grabbed Zachary, twisted his arm, and slammed him against the police car. Defendants restrained Zachary and began searching him for weapons. Defendants found no weapons on Zachary.

12. Acknowledging their unsuccessful retrieval of weapons from Zachary, Defendants convened and look for ways to substantiate their unlawful conduct. During Defendants' conference, which lasted for about 15 minutes in which Zachary was still detained when the defendants knew he had committed no crime. Urrutia noticed the brown paper bag that was near Zachary prior to defendants grabbing and slamming Zachary unto their police car. Without asking Zachary for permission and while Zachary was restrained by Santos, Urrutia began searching the brown paper bag. Through his search, Urrutia discovered that the brown paper bag contained a sandwich, potato chips, and medicine. The medicine was Alprazolam.

13. Defendants charged Zachary for one count of possession with intent to sell a controlled substance. Zachary spent approximately one day in jail and bonded out. After he bonded out, Zachary obtained a copy of his prescription showing that he was in legal possession of the medicine. Zachary provided this copy to the state and the presiding judge. The charge was dropped.

14. As a result of this incident, Zachary lost property and wages. Zachary suffered immeasurable pain, discomfort, emotional distress, humiliation, and embarrassment as result of this incident. Additionally, Zachary incurred legal costs as a result of the incident.

**Claim 1: UNLAWFUL SEARCH OF ZACHARY'S PERSON in violation of 42 USC §1983 [Against URRUTIA AND SANTOS]**

15. This action is brought pursuant to 42 USC § 1983 and in violation of Zachary's right to be free of unreasonable searches as prescribed by the Fourth Amendment of the United States Constitution and as applied to the states under the Fourteenth Amendment therein. Zachary was subject to an unreasonable search when Urrutia and Santos searched Zachary's person (i.e. frisked him for weapons) without probable cause or a lawful search warrant.

16. Urrutia and Santos did not have probable cause to search Zachary's person. Said Defendants did not have a warrant to perform a search of Zachary's person. Zachary did not consent to the search. Moreover, no other constitutional recognized exceptions existed at the time of the incident. In fact, Zachary specifically stated he would not allow the search.

17. As a result of Urrutia and Santos' unlawful search, Zachary was deprived of his Fourth Amendment right to be free from an unreasonable search. Had said defendants not searched Zachary's person without probable cause or a lawful warrant, Zachary would not have been deprived of his Fourth Amendment right to be free from an unreasonable search.

18. Urrutia and Santos acted under the color of law pursuant to the State of Florida. Defendants were municipally employed officers pursuant to the laws of Florida.

**Claim 2: UNLAWFUL SEARCH OF ZACHARY'S PERSONAL PROPERTY in violation of 42 USC §1983 [Against URRUTIA]**

19. This action is brought pursuant to 42 USC § 1983 and in violation of Zachary's right to be free of unreasonable searches as prescribed by the Fourth Amendment of the United States Constitution and as applied to the states under the Fourteenth Amendment therein. Zachary was subject to an unreasonable search when Urrutia searched Zachary's personal property (i.e. brown paper bag) without probable cause or a lawful search warrant.

20. Urrutia did not have probable cause to search Zachary's personal property. Said defendant did not have a warrant to perform a search of Zachary's personal property. Zachary did not consent to the search. Zachary had not abandoned the property but defendants forcibly separated Zachary from his property and restrained him while Urrutia unilaterally searched the property. Moreover, no other constitutional recognized exceptions existed at the time of the incident.

21. As a result of Urrutia's unlawful search, Zachary was deprived of his Fourth Amendment right to be free from an unreasonable search. Had said defendant not searched Zachary's person without

probable cause or a lawful warrant, Zachary would not have been deprived of his Fourth Amendment right to be free from an unreasonable search.

22. Urrutia acted under the color of law pursuant to the State of Florida. Defendant was a municipally employed officer pursuant to the laws of Florida.

### Claim 3: FREE SPEECH RETALIATION in violation of 42 USC §1983
### [Against URRUTIA and SANTOS]

23. This action is brought pursuant to 42 USC §1983 and in violation of Plaintiff's right to free speech as prescribed by the First Amendment of the United States Constitution and as applied to the states under the Fourteenth Amendment therein.

24. Zachary engaged in conduct or speech protected by the First Amendment when he stated: "I will not allow you to search me, I am just sitting here."

25. Defendants responded with retaliatory action sufficient to deter a person of ordinary firmness from exercising his First Amendment right. Zachary was grabbed, slammed, searched, and unlawfully restrained by Defendants.

26. The protected activity caused the retaliation; but for Zachary's speech he would not have been physically assaulted and restrained.

27. Defendants acted under the color of law pursuant to the State of Florida. Defendants were municipally employed officers arresting Zachary pursuant to the laws of Florida.

### Claim 4: UNLAWFUL STOP in violation 42 USC §1983
### [Against the URRUTIA and SANTOS]

28. This action is brought pursuant to 42 USC §1983 in violation of Plaintiff's right to be free of an unreasonable seizure of Plaintiff's person as stated in the Fourth Amendment of the United States Constitution and as applied to the states under the Fourteenth Amendment therein.

29. Zachary was subject to unlawful stop by Urrutia and Santos. Defendants did not have reasonable suspicion to detain Zachary. Zachary was sitting and chatting with his friend. Zachary was not involved in any criminal conduct. Speaking to friend on a street corner is not a crime.

30. As a result of Defendants' unlawful and intentional conduct, Zachary's person was unreasonably seized. Had it not been for Defendants' stop without reasonable suspicion Zachary would not have been restrained and seized in police custody.

31. Defendants acted under the color of law pursuant to the State of Florida. Defendants were municipally employed officers arresting Zachary pursuant to the laws of Florida.

### Claim 5: FALSE ARREST in violation 42 USC §1983
### [Against URRUTIA and SANTOS]

32. This action is brought pursuant to 42 USC §1983 in violation of Plaintiff's right to be free of an unreasonable seizure of Plaintiff's person as stated in the Fourth Amendment of the United States Constitution and as applied to the states under the Fourteenth Amendment therein.

33. Zachary was subject to unreasonable seizure by said Defendants. Urrutia and Santos arrested Zachary. Zachary was detained for approximately one day in Miami-Dade county jail.

34. Defendants did not have probable cause to arrest Zachary. There was nothing that Defendants observed that showed that Zachary had committed, was in the process of committing, or was going to commit a crime. While Zachary was sitting he politely stated that he would not allow the officers to search him. Zachary's conduct and statement does not constitute probable cause for arrest. Urrutia and Santos, further fabricated statements in their arrest affidavit to support probable cause which were inconsistent with the events that occurred.

35. As a result of Defendants' unlawful and intentional conduct, Zachary's person was unreasonably seized. Had it not been for Defendants' arrest without probable cause, Zachary would not have been detained in Miami-Dade County jail.

36. Defendants acted under the color of law pursuant to the State of Florida. Defendants were municipally employed officers arresting Zachary pursuant to the laws of Florida.

### Claim 6: FALSE ARREST
### in violation of state law [Against CITY OF MIAMI][1]

37. This action is brought pursuant to laws of the State of Florida and alleges that City of Miami falsely arrested Zachary. Zachary was subject to an unlawful detention and deprivation of liberty against his will. Zachary was unreasonably restrained and subdued against his will.

38. The detention was unreasonable and not warranted by the circumstances. Based on the objective evidence known to Defendants at the time of his arrest. Zachary was sitting and chatting with his friend. Zachary was not involved in any criminal conduct. Speaking to friend on a street corner is not a crime. Defendant, through its agent, Zachary was grabbed, slammed, searched, and unlawfully

---

[1] Zachary brings the state claims against City of Miami in the alternative because a jury could find the police officers did not act in bad faith, malicious purpose, or wanton and willful disregards for Zachary's right.

restrained by Defendants. Even after Defendant's search of Zachary revealed there was no weapon, Defendant continued to restrain Zachary against his will.

39. At the time of Zachary's detention, Defendants knew there was no probable cause to arrest for any offense under Florida law, because information within the collective knowledge showed that speaking to a friend on a street corner is not a crime.

40. The detention was intentional. Defendant intended to cause the unlawful detention and deprive Zachary of his liberty by physically restraining Zachary knowing that no crime had been committed.

## Claim 7: FALSE ARREST
### in violation of state law [Against URRUTIA and SANTOS]

41. This action is brought pursuant to laws of the State of Florida and alleges that City of Miami falsely arrested Zachary. Zachary was subject to an unlawful detention and deprivation of liberty against his will. Zachary was unreasonably restrained and subdued against his will.

42. The detention was unreasonable and not warranted by the circumstances. Based on the objective evidence known to Defendants at the time of his arrest. Zachary was sitting and chatting with his friend. Zachary was not involved in any criminal conduct. Speaking to friend on a street corner is not a crime. Defendant, through its agent, Zachary was grabbed, slammed, searched, and unlawfully restrained by Defendants. Even after Defendant's search of Zachary revealed there was no weapon, Defendant continued to restrain Zachary against his will.

43. At the time of Zachary's detention, Defendants knew there was no probable cause to arrest for any offense under Florida law, because information within the collective knowledge showed that speaking to a friend on a street corner is not a crime.

44. The detention was intentional. Defendants intended to cause the unlawful detention and deprive Zachary of his liberty by physically restraining Zachary knowing that no crime had been committed.

45. Urrutia and Santos' actions were done with bad faith, malicious purpose, or with willful, wanton, and deliberate indifference in regards to Zachary's rights, health and safety, thus merits an award of punitive damages against said Defendants. When Urrutia and Santos realized that Zachary did not possessed any weapons and had committed no crime, they convened and look for ways to substantiate their unlawful conduct. Finally, Urrutia fabricated his police report to justify the custodial arrest.

## PRAYER

Wherefore Plaintiff, **Brian Zachary**, for each and every cause of action above demands the following relief, jointly and severally, against all Defendants;

a. Compensatory general and special damages in an amount in accordance with proof;
b. Consequential Damages;
c. Exemplary damages, against each and every Defendant, for intentional acts described above or for those done negligently or recklessly or with deliberate indifference, in an amount sufficient to deter the conduct of said defendants;
d. Reasonable attorneys' fees and expenses of litigation, including those fees permitted by 42 U.S.C. § 1988;
e. Prejudgment Interests where permitted by law,
f. Punitive Damages against the individual Defendants.
g. Costs of suit and interest accrued incurred herein; and
h. Other forms equitable and/or legal relief the Court deems just or proper.

## CERTIFICATION

I certify that a copy hereof will be served on Defendants via U.S. MARSHAL.

        s/Faudlin Pierre
        Faudlin Pierre
        Attorney for Plaintiff
        18900 NE 1st Court
        Miami, FL 33179
        (305) 336-9193
        FLA. #56770